IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                              )<br>     Plaintiff,              )<br>                              )<br>vs.                           )<br>                              )<br>TROY HARDENBROOK,             )<br>                              )<br>     Defendant.              )  | 8:10-CR-00240-LES-FG3<br><br>FINDINGS AND<br>RECOMMENDATION |

This matter is before the magistrate judge pursuant to 28 U.S.C. § 636 and the referral of Judge Strom on the government's Motion to Set Trial Date (Doc. 29) and the defendant's responsive Motion to Dismiss (Doc. 30) due to a violation of the Speedy Trial Act.

Defendant contends the indictment should be dismissed with prejudice because he was not brought to trial within 70 days of his initial appearance on the indictment. *See* 18 U.S.C. §§ 3161(c) & (h). The court has considered the government's response (Doc. 33) and recommends that the defendant's motion be granted and the indictment dismissed without prejudice pursuant to 18 U.S.C. § 3162(a)(2).

**DISCUSSION**

Under the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*, a criminal defendant's trial must commence within 70 days after he is charged or makes an initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). The Speedy Trial Act, however, excludes from the 70-day period delays due to "[a]ny period of delay resulting from other proceedings concerning the defendant," 18 U.S.C. § 3161(h)(1), including "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[.]" 18 U.S.C. §

3161(h)(1)(D). Periods of delay resulting from continuances granted on the court's own motion, or at the request of a party, are excludable only if the court finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). *See Bloate v. United States*, 130 S.Ct. 1345, 1349 (2010); *Zedner v. United States*, 547 U.S. 489, 506-07 (2006).

In this case, the defendant was indicted on June 23, 2010 on two counts of distributing methamphetamine. He initially appeared on June 30, 2010, was granted an extension of time in which to file pretrial motions, and filed a pretrial motion on August 17, 2010. The time between July 14, 2010 and August 17, 2010 were excluded with findings pursuant to § 3161(h)(7)(A). On August 25, 2010, I entered an order granting the defendant's motion. No party filed objections to the August 25 order  Thus, the record shows that the following days are excludable under the Speedy Trial Act:

| Date | Description | Statute |
|---|---|---|
| 06/30/2010 | Initial Appearance & Arraignment | § 3161(h)(1)(A) |
| 07/14/2010 through 08/17/2010 | Defendant's motion to extend pretrial motion deadline granted, with findings pursuant to § 3161(h)(7)(A) | § 3161(h)(1)(D) & § 3161(h)(7)(A) |
| 08/17/2010 through 08/25/2010 | Defendant's motion to disclose confidential informant, decided 8/25/2010 | § 3161(h)(1)(D) |
| 10/22/2010 through 11/24/2010 | USA's motion to set trial date; Defendant's motion to dismiss | § 3161(h)(1)(D) |

The August 25, 2010 order provided that "[a] party may object to a magistrate judge's order by filing an "Objection to Magistrate Judge's Order" within 14 days[1] after being served with the

---

[1] Under 28 U.S.C. § 636(b), a party is granted 14 days in which to object to a magistrate judge's findings. *See also* NECrimR 59.2(a).

order."  Although no party filed any objection to the August 25 order, the government argues that the 14-day period in which an objection *could* have been filed is excludable under 18 U.S.C. § 3161(h)(1)(D).  I do not believe the government's position is consistent with the language of the Speedy Trial Act, the Eighth Circuit's decision in *United States v. Long*, 900 F.2d 1270, 1274 (8th Cir. 1990), or the Supreme Court's recent decision in *Bloate v. United States*, 130 S.Ct. 1345 (2010).

Section 3161(h)(1)(D) excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."  The defendant's pretrial motion was decided on August 25, 2010.  The filing of an objection would have triggered an additional 30-day excludable period under § 3161(h)(1)(H), had any party actually filed an objection to the order.  *See, e.g., McCroy*, 2010 WL 2541257 at *6; *United States v. Long*, 900 F.2d at 1275 (district court's 30-day advisement period began the day after all parties' objections to the magistrate's report and recommendation were filed).

It is clear under *Bloate v. United States*, 130 S.Ct. 1345, 1349 (2010), that

> Subparagraph (D) [18 U.S.C. § 3161(h)(1)(D)] does not subject all pretrial motion-related delay to automatic exclusion. Instead, it renders automatically excludable only the delay that occurs "*from the filing* of the motion through the conclusion of the hearing on, or other prompt disposition of" the motion. (Emphasis added.) In so doing, the provision communicates Congress' judgment that delay resulting from pretrial motions is automatically excludable, *i.e.*, excludable without district court findings, *only* from the time a motion is filed through the hearing or disposition point specified in the subparagraph, and that other periods of pretrial motion-related delay are excludable only when accompanied by district court findings.

(Emphasis in original, footnote omitted.)

In this instance, the August 25, 2010 order included a routine admonition that any objections to the order must be filed within 14 days; however, the admonition was intended only to prevent the

-3-

filing of untimely or improperly supported objections. There was no finding pursuant to § 3161(h)(7)(A) that exclusion of the 14-day "appeal period" would serve the ends of justice and outweigh the best interests of the public and the defendant in a speedy trial.

In the absence of an objection to the order, or the necessary finding pursuant to § 3161(h)(7)(A), the 14-day period following the entry of the August 25, 2010 order was not excludable under the Speedy Trial Act. The speedy trial clock began running on August 26, 2010 and expired October 21, 2010, one day before the government filed its motion requesting a trial date.

I find that the defendant is entitled to dismissal of the indictment pursuant to 18 U.S.C. § 3162(a)(2). The defendant does not contend that the dismissal be with prejudice. Considering the circumstances of this matter, I recommend that the defendant's motion be granted and that the indictment be dismissed without prejudice.

## RECOMMENDATION

**IT IS RECOMMENDED:**

1. That the defendant's Motion to Dismiss (Doc. 30) be granted, and that the indictment be dismissed without prejudice pursuant to 18 U.S.C. § 3162(a)(2), and

2. That the government's Motion to Set Trial Date (Doc. 29) be denied.

**DATED November 22, 2010.**

        **BY THE COURT:**

        s/ F.A. Gossett, III
        **United States Magistrate Judge**